

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 13-274 |
| v. | * | SECTION: "A" |
| TEDRICK LEE<br>a/k/a "Bump" | * | |

\* \* \*

# FACTUAL BASIS

The above-named defendant, **TEDRICK LEE**, a/k/a "Bump," has agreed to plead guilty to Counts 1 and 2 of the Superseding Bill of Information. Should this matter proceed to trial, the United States would prove beyond a reasonable doubt, through credible testimony and reliable evidence, the following facts. Unless stated otherwise, the following acts occurred within the jurisdiction of the Eastern District of Louisiana.

From February 1, 2013, through November 4, 2013, **LEE** knowingly and intentionally conspired with other individuals, among them James Brown, Jr., to distribute and to possess with intent to distribute heroin. During the course of the conspiracy, **LEE** would go to Brown's home to pick up heroin for distribution. When Brown was not available at his home, Brown's wife, Shantell Washington, would occasionally provide the heroin to **LEE**. It was reasonably foreseeable to **LEE** that the conspiracy involved 100 grams or more of heroin.

During the time period of the conspiracy, **LEE** personally sold heroin to a Tangipahoa Sheriff undercover agent. On July 22, 2013, **LEE** sold one gram of heroin to the undercover agent. On October 28, 2013, **LEE** again sold one gram of heroin to the undercover agent. Both of these sales occurred at **LEE'S** residence in Kentwood, Louisiana.

On November 4, 2013, **LEE** was arrested at his residence in Kentwood, Louisiana. Federal agents recovered 10 grams of heroin in **LEE'S** residence. Agents also located a handgun in **LEE'S** residence. The handgun was identified as an RG Industries Model 31, .38 caliber handgun, serial number Q145227. Agents read **LEE** his *Miranda* rights after his arrest, and he agreed to speak with the agents. **LEE** stated that the heroin had been left in his house by James Brown, Jr. **LEE** admitted that during the conspiracy, he drove James Brown, Jr., to New Orleans on several occasions to obtain heroin from a source named "Cooley." Brown would typically purchase at least eight ounces of heroin from "Cooley" at a time. **LEE** stated that Brown usually spends approximately $12,000.00 buying heroin from Cooley. **LEE** also drove another individual to New Orleans to buy heroin from "Cooley" on several occasions.

The handgun located in **LEE'S** residence was made by RG Industries, which manufactured its firearms in Miami, Florida. Therefore, the handgun found in **LEE'S** residence traveled in and affected interstate commerce.

**LEE** was previously convicted of a felony. He was convicted on August 14, 2012, for possession of a Schedule II controlled dangerous substance, a violation of La. R.S. 40:967(C)(2), in Case Number 1-003016, in the District Court for the 21st Judicial District of Louisiana.

<u>Limited Nature of Factual Basis</u>

This proffer of evidence is not intended to constitute a complete statement of all facts known by **LEE** and described by **LEE** to the government, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for **LEE'S** plea of guilty to the charged offenses.

_____  6/9/2014
Matthew Payne                (Date)
Assistant United States Attorney

_____  6-9-14
George Chaney                (Date)
Counsel for Defendant Tedrick Lee

_____  6-9-14
Tedrick Lee                  (Date)
Defendant